## CIRCUIT COURT OF THE CITY OF RICHMOND

Neil A. Morrison

v.

Virginia Commonwealth University

May 9, 1995

Case No. HE-1084-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal pursuant to Va. Code § 23-7.4 of a decision of the Residency Appeals Committee of Virginia Commonwealth University ("VCU") denying plaintiff's application for in-state tuition status at VCU's Medical College of Virginia ("MCV") School of Dentistry. For purposes of plaintiff's appeal, the relevant portions of § 23-7.4 are as follow.

> A. . . . *"Domicile"* means the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely. No individual may have more than one domicile at a time. Domicile, once established, shall not be affected by mere transient or temporary physical presence in another jurisdiction.
> *"Domiciliary intent"* means present intent to remain indefinitely . . . .
> B. In order to become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed . . . .
> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or

passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status.

Those factors presented in support of entitlement to in-state tuition shall have existed for the one-year period prior to the date of the alleged entitlement . . . .

C. . . . A matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile . . . .

H. . . . Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law.

Plaintiff is twenty-four years old and is an "independent student" as that term is used in the statute. Until his graduation from the University of North Carolina in 1993, he had resided in North Carolina all of his life. In July, 1993, he moved to Richmond for the purpose of attending MCV's School of Dentistry, and he has been a full-time student there since the Fall-1993 semester. His application for in-state tuition status was made at the end of the one-year "waiting period" contained in § 23-7.4 (B).

Since coming to Virginia, plaintiff has opened a checking account and a savings account here, obtained a Virginia driver's license, registered his car here, registered to vote here, and sought employment here. He has not paid income taxes here, but he says this is only because he did not have

sufficient income to file.[1] While his parents and younger brother still live in North Carolina, plaintiff claims that it is his firm intention to remain in Virginia after graduating from VCU and to practice dentistry here. Upon these facts, VCU found that plaintiff had not overcome by "clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile." The court disagrees.

While the court recognizes that the list of factors to be considered in determining domiciliary intent contained in § 23-7.4 (B) is illustrative and not exhaustive, of the nine specific factors mentioned, five of them, residence, driver's license, motor vehicle registration, voter registration, and location of checking and passbook savings accounts, support plaintiff's contention that he is domiciled in Virginia. Moreover, while plaintiff's only employment since coming to Virginia has been an eight-week research "assistantship" at MCV, such employment was in Virginia. As previously stated, plaintiff did not earn enough money to file or pay income taxes in Virginia, and he leases, not owns, an apartment here. As the Attorney General has noted:

> A vast array of facts may be relevant in a particular case; for example, voting residence, employment history, plans upon graduation, income tax payments, place of residence, etc. The mere fact that a student live, works, pays taxes and votes in Virginia does not conclusively establish Virginia domicile . . . . *However, in most cases, a student presenting the above facts will be considered domiciled in Virginia, as the foregoing is strong evidence that the student's home is in fact Virginia.*

Report of the Attorney General (1981-1982), at 70 (citation omitted).

Here, plaintiff's activities in Virginia are fully consistent with Virginia domiciliary status. Just as important is that none of the activities set out in Va. Code § 23-7.4 (B) or in the Attorney General opinion cited above are carried out by plaintiff anywhere *but* in Virginia, if they are carried out at all, with the lone exception of § 23-7.4 (B)'s reference to "other social . . . relationships;" that is, the fact that plaintiff's immediate family is in North

---

[1] In his brief, plaintiff states that he "paid Virginia income tax." Brief on Behalf of Petitioner, at 1. On his application to VCU, however, he states "I did not earn enough income to file taxes." Since it is the application which was before the committee, it is that information which the court considers relevant.

Carolina. Plaintiff receives no financial support from his family, however, his total financial obligations being met by loans and grants. In sum, there is no evidence in the record that plaintiff is domiciled anywhere other than in Virginia. This, in the courts' view, makes the evidence of Virginia domicile even stronger.

VCU also argues that in-state status should be denied because there is no assurance that plaintiff will remain in Virginia upon graduation from MCV. The same is true, however, for *all* students, even those who were born in Virginia and have spent all of their lives here. The statute does not demand such assurance. All that is demanded is domiciliary intent, something the court finds plaintiff has shown by clear and convincing evidence here. Moreover, since there is nothing in the record from which it can reasonably be said that such domiciliary intent does *not* exist, VCU's decision denying in-state tuition status is not supported by substantial evidence and will be reversed. An order accomplishing this is enclosed. (Because the court has concluded that plaintiff has overcome the statutory presumption against in-state status, it need not reach plaintiff's due process argument, which was another basis for his appeal.)