# CIRCUIT COURT OF THE CITY OF RICHMOND

Jared E. Chisholm

v.

Virginia Commonwealth University

April 21, 1997

Case No. HH-1262-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal pursuant to Va. Code § 23-7.4:3 of a decision of the Residency Appeals Committee of Virginia Commonwealth University (VCU) denying plaintiff's application for in-state tuition status at VCU's School of Dentistry. In *Morrison v. Virginia Commonwealth University*, 36 Va. Cir. 317 (1995), this court set out the relevant law and factors to be considered in determining whether to affirm or reverse an institution's decision denying in-state tuition status, and that analysis will not be repeated here. In essence, the court must affirm the school's decision if it can "reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law." Va. Code § 23-7.4(H). VCU's decision here will be affirmed.

Plaintiff presented evidence of several facts to VCU which § 23-7.4 lists as factors to be considered in determining whether in-state status should be granted. For example, plaintiff has a Virginia driver's license, has his car registered here, is a registered Virginia voter, has a checking and savings account in a Virginia bank, has a part-time job here, and pays state income taxes. He is married and his wife has a full-time job here. In fact, when the individual factors set out in § 23-7.4(B) are considered, more of those factors seem to favor in-state status for the present plaintiff than they did for the plaintiff in *Morrison, supra*, in which the court reversed VCU's decision and ordered that in-state status be granted. In the case now under consideration,

however, the court does not even get to those factors since the threshold requirement of domiciliary intent is not met.

In order to be eligible for in-state tuition, a student must "establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code § 23-7.4(B). Section 73-7.3(A) defines "domicile" as:

> [T]he present, fixed home of an individual to which he returns following temporary absences *and at which he intends to stay indefinitely.*

Emphasis added.

The same section of the statute defines "domiciliary intent" as "present intent to remain indefinitely." In fact, all of the factors listed in § 23-7.4(B), driver's license, voter registration, payment of income taxes, etc., are listed to aid institutions in determining whether domiciliary intent exists:

> In determining domiciliary intent, all of the following applicable factors shall be considered ....

Even with many of those factors present in this case, this plaintiff cannot establish domiciliary intent.

At an "appeals hearing" before the Residency Appeals Committee, plaintiff said the following:

> I applied to here, I applied to a lot of other dental schools and then chose this as where I wanted to stay. Right now it is my present intent to say here, *but there's too many options for me to say that I will be here indefinitely;* you know, there's specializing in dentistry.
>
> Right now my wife is a dental assistant for the dentist that she works for that I've talked to a little bit, and he's interested in having me work with him, *but I have no idea what I'm going to be doing.*

Emphasis added.

Since the fundamental requirement for in-state tuition status is domiciliary intent, since domiciliary intent requires an intent to stay in Virginia indefinitely, and since plaintiff conceded to the committee that he cannot say that he will stay here indefinitely, the Committee's decision must be affirmed.