# CIRCUIT COURT OF THE CITY OF RICHMOND

Stacey A. Hecker-Jacobsen

v.

Virginia Commonwealth University

May 19, 1997

Case No. HI-76-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal pursuant to Va. Code § 23-7.4:3 of a decision of the Residency Appeals Committee of Virginia Commonwealth University (VCU) denying plaintiff's application for in-state tuition status at VCU's School of Allied Health, which is a part of VCU's Medical College of Virginia. Under the applicable statutory and case law, VCU's decision must be affirmed if such decision can "reasonably be said, on the basis of the record, to be supported by substantial evidence, and not to be arbitrary, capricious or otherwise contrary to law." *See generally Morrison v. Virginia Commonwealth Univ.*, 36 Va. Cir. 317 (1995). Based on the record in this case, VCU's decision will be affirmed.

At the appeals hearing on plaintiff's request for in-state tuition status, plaintiff told the appeals committee that she applied to VCU in late 1993 or early 1994 and was accepted. She and her husband moved to Richmond in August, 1994. She has continuously been enrolled at VCU since then, and her husband, an automobile mechanic, has been employed in the Richmond area since then. Plaintiff's car is registered here; she has a Virginia driver's license; she does her banking here; she and her husband pay income taxes here; and she is a registered voter here. While all of these things are, as plaintiff argues, evidence of a Virginia domicile (*see* Va. Code § 23-7.4(B)), there are other factors which are evidence that Virginia is not her domicile and which, in the court's view, unquestionably support the committee's decision.

First, there is nothing in the record to show or even suggest that plaintiff or her husband, both of whom were living and working in California prior to her application to VCU, ever had any contact with Virginia prior to plaintiff's application. Second, plaintiff applied to at least five schools other than VCU, none of which are in Virginia. She was only accepted at VCU. Third, although she was notified of her acceptance in March, 1994, she and her husband did not come to Virginia until August, 1994, the same month her classes started. She could not come earlier, according to her testimony, because of her job in California.

Further, while plaintiff's husband has been employed in Virginia since August, 1994, plaintiff testified that he has basically agreed to do whatever is needed to be done for plaintiff to go to school, presumably including travelling to wherever the school is. In addition, plaintiff has elected to do her last two clinical rotations, which last a total of sixteen weeks and are requirements for graduation, in California and Nevada, apparently not even attempting to secure such rotations in Virginia. What is significant about those locations is that plaintiff and her husband were living and working in California when she applied to VCU in 1993 or 1994 and she told the committee that she wanted to do her rotations there and in Nevada "to be near my in-laws." Her husband has quit his job in Virginia to go with her and will seek employment there. Plaintiff does not have a job waiting for her in Virginia after graduation and, as of the date of the committee hearing, which was December, 1996, was "trying to work on getting my resume and do interviews as soon as possible." There is no indication that she yet has a job in Virginia.

From the above, the court finds that the record is more than sufficient to support the committee's denial of in-state tuition status. While plaintiff has a Virginia driver's license, etc., and *says* she plans to stay here, the totality of the evidence says otherwise. From that existence, it was entirely reasonable for the committee to conclude that plaintiff and her husband consider California to be their domicile, not Virginia. They were in California when she applied to VCU, and they returned to California for an extended period at the end of her studies at VCU. They have relatives in California, and plaintiff's husband gave up his job here to go there. Plaintiff has no prospect of a job in Virginia and has not even indicated that she has applied for a job here. In sum, plaintiff has failed to rebut by clear and convincing evidence the presumption that she is in the Commonwealth for the purpose of attending school and not as a *bona fide* domicile. Va. Code § 23-7.4(B). The committee's decision will be affirmed.