# CIRCUIT COURT OF THE CITY OF RICHMOND

Charles E. Salazar

v.

Virginia Commonwealth University

May 28, 1997

Case No. HH-1458-3

BY JUDGE T. J. MARKOW

The issue presented in this case is whether Petitioner Charles E. Salazar, a student at the Medical College of Virginia (MCV), a division of Virginia Commonwealth University (VCU), is entitled to in-state tuition status allowed to Virginia domiciliaries under Va. Code Ann. § 23-7.4. The pertinent procedural history of this case is as follows.

During the fall of 1996, Petitioner applied to VCU for classification as a Virginia Domiciliary. Had this application been received favorably by VCU, Petitioner would have been charged the in-state tuition rate for all semesters beginning with the Fall of 1996. However, the residency officer denied the application on the grounds that Petitioner had failed to present clear and convincing evidence of his alleged domicile in Virginia. Petitioner appealed to the VCU committee organized to hear such appeals. This appeal was denied. The committee cited Petitioner's failure to show clear and convincing evidence of his intent to make Virginia his domicile. The committee found that Petitioner's primary reason for residing in Virginia was for educational purposes. Petitioner now appeals to this Court.

A presumption exists against Petitioner's position. According to the pertinent statute:

> [a] matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing

evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile.

Va. Code Ann. § 23-7.4(C). In evaluating the decision made by VCU, the Court must abide by the standards set forth by the legislature. The pertinent statutory provision requires that in such cases the reviewing court's function:

> shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious or otherwise contrary to law.

Va. Code Ann. § 23-7.4:3(A). With these standards in mind, the Court now turns its attention to the record presented and the claims made by the parties.

VCU denied Petitioner in-state status on the stated grounds that he had failed to rebut the presumption of his out-of-state domicile. In making this determination, VCU was guided by the Code and the Guidelines for Determining Domicile and Eligibility for In-State Tuition Rates, published by the Commonwealth's Council for Higher Education at VR 380-04-01:1. Both of these sources have similar definitions and requirements.

"Domicile" is defined as: "the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely." Va. Code Ann. § 23-7.4(A). It is this last requirement, that the intent to stay be indefinite, also called domiciliary intent, that is the subject of the dispute here.

Since domiciliary intent is subjectively manifested by the individual claiming it, the Code and the regulations have provided some objective factors to be used as guidance:

> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth.

Va. Code Ann. § 23-7.4(B). While this is not an exhaustive list, it is useful for this analysis.

With respect to the listed items, the record clearly reflects the presence of many of the enumerated indicia of intent. Petitioner has been living in Richmond for at least a year prior to his application for in-state tuition. He has all of his belongings here and has no residence elsewhere. Petitioner filed an income tax return in Virginia.

Petitioner also holds a valid and current driver's license, which was issued in Virginia. Likewise, his current motor vehicle is registered in his name in the Commonwealth. He is a registered voter in the Commonwealth. He also has savings and checking accounts in Virginia.

It is the other factors in this case which provide the most compelling evidence of domiciliary intent. Petitioner's wife has started a business in Virginia. The couple selected the Richmond area due to its medical school *and* its business opportunities. Petitioner's wife has invested, and continues to invest, her time, energy, and the couple's meager resources in developing this business locally. Additionally, Petitioner has accepted a scholarship which compels him to practice medicine in some underserved area of Virginia after the completion of his residency. Certainly, this evidences an intent to be in Virginia after his schooling has ended.

VCU argues that he is only in Virginia to attend school. It arrives at this conclusion based on the concurrence of his beginning his education and moving to Richmond. It has also questioned the importance of the business to the couple, especially in light of Petitioner's admission that the Medical College of Virginia was not his first choice school. During the hearing Petitioner said that he, as a matter of speculation, thought he would have gone to Duke University's medical school had he been accepted but that he and his wife had not gotten to the point of examining that area for her business. He also admitted that had he not been accepted to MCV, the couple would not have moved to the area just to start the business.

The Court cannot agree with conclusions reached by the Committee. The concerns listed are not enough, in the face of all the countervailing evidence, to conclude that he does not have domiciliary intent. The question for the Court is what indicia are currently present to support Petitioner's contention that he intends to remain in Virginia indefinitely. Those indicia are listed above. It is no matter that, before he arrived, Petitioner was unsure of what jurisdiction he would later make his domicile. The question to answer is what he has done since he arrived.

There is not much else the Petitioner could have done upon his arrival and continued stay in the Commonwealth to evidence his intent to remain. One

factor listed in the statute, but absent in this case is property ownership. The Petitioner has testified that he and his wife hope to buy a home someday, when their finances can handle it. The Court will not force a full time student and a struggling entrepreneur to purchase a home before it is willing to believe they intend to remain in the state.

In sum, the evidence presented by Petitioner to VCU was at least clear and convincing enough to rebut the presumption against him. As he has shown many of the indicia of intent in his favor and the evidence, if any, against his position is exceedingly weak, the Court finds that VCU acted arbitrarily, capriciously, or otherwise contrary to law. Therefore, the Petitioner's prayer for relief is granted.