# CIRCUIT COURT OF THE CITY OF RICHMOND

Michael W. D'Angelo

v.

Virginia Commonwealth University

June 12, 1997

Case No. HI-564-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal pursuant to Va. Code § 23-7.4:3 of a decision of the Residency Appeals Committee of Virginia Commonwealth University (VCU) denying plaintiff's application for in-state tuition status at VCU's Medical College of Virginia (MCV). Under the applicable statutory and case law, VCU's decision must be affirmed if such decision can "reasonably be said, on the basis of the record, to be supported by substantial evidence, and not to be arbitrary, capricious or otherwise contrary to law." *See generally Morrison v. Virginia Commonwealth University*, 36 Va. Cir. 317 (1995). Based on the record in this case, VCU's decision will be reversed.

Va. Code § 23-7.4(B) lists the factors which must be considered in determining whether an applicant has the domiciliary intent necessary to qualify for in-state tuition status. Specifically, the statute provides:

> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of, employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

The record in this case establishes beyond question that plaintiff has lived in the Commonwealth of Virginia for more than one year; that he has a Virginia driver's license; that his car is registered here; that he votes here; that he is employed here; and that he is his only source of income. The record is also clear that plaintiff moved to Virginia to be near his girlfriend of five years and to be near friends he met at the University of Richmond, where he received his undergraduate degree. Plaintiff attends church in Richmond, exercises at the Richmond Athletic Club, volunteers for the Questors program at VCU, teaching science to high school students, and tutors physiology students at MCV. He owns no real property anywhere and has never been in the military. He has not made enough money from his employment in Virginia to pay income taxes, but he does have a bank account here. He will be entering his second year of medical school in the fall of 1997, which is when he alleges his entitlement to in-state status should begin, and so he has no offers of employment following graduation. In fact, the only thing in the record which remotely suggests that in-state status should be denied is the following testimony given by plaintiff during the appeals committee hearing:

MR. D'ANGELO: ... I came down here to go to MCV because it was one of my aspirations to come down here, but I couldn't get in because of my grades at the time. So, I started the master's program knowing that I wanted to be in Virginia. And I was knowledgeable of the fact that I was going to be an out-of-state student for the master's program.

When it came time to apply this year for medical school, I talked with Cynthia Heldburg, Dean of Admissions, and she said I would have the best chance to get into medical school, because that was my primary objective, if I applied as an out-of-state resident. I did do that. Surprisingly to me, I was accepted almost immediately in the first round of applicants. And then I applied for in-state tuition here ....

MR. TUCKER: Michael, I have one other question. You mentioned that you were advised to apply as an out-of-state resident.

MR. D'ANGELO: Yes, that's right. Since I came down here to MCV and I was in a master's program here, they figured if I got on the waiting list -- I guess they were looking at the worst-case scenario. If I got on the waiting list, the turnover on the waiting list would be greater for out-of-state rather than in-state residents because if people were accepted for home-state schools, they would go there for obvious

financial reasons. That out-of-state list would turn over more quickly. I would have a better chance of getting in MCV.

MR. TUCKER: But aren't there some guidelines whether you're in or out-of-state?

MR. D'ANGELO: How so?

MR. TUCKER: In other words, you were living in Virginia for two years?

MR. D'ANGELO: Right.

MR. TUCKER: But you still could have applied as an in-state resident for New Jersey?

MR. D'ANGELO: Yes, I could have. Yes.

MR. TUCKER: So, in other words, it's up to you to decide, not the guidelines? You can decide which way our residency goes?

MR. D'ANGELO: For that application, yes, I could have.

Appeals Committee Hearing Transcript at 3-4 and 10-11.

VCU argues that having said in his application for admission to MCV that he was an out-of-state student, thereby gaining an advantage, real or perceived, in the admissions process, plaintiff should not now be allowed to claim in-state status in order to pay lower tuition. While the court agrees with VCU that a student should not be allowed to "play fast and loose" with the system as it suits his or her purpose, the record does not support that conclusion here.

In order to qualify for in-state tuition status, an applicant must have the intent to make Virginia his or her domicile for at least one year prior to the date of alleged entitlement. Since plaintiff alleges entitlement beginning in the fall of 1997, his domiciliary intent must have been formed by the fall of 1996. Plaintiff's application for admission to MCV, and his claim to be an out-of-state resident as shown in the transcript cited above, was made in June, 1996. Based on the overwhelming indicia of a Virginia domicile after June, 1996, it was unreasonable for VCU to reject plaintiff's claim that his domiciliary intent had changed after that date and before the fall of 1996. Accordingly, the appeals committee's decision is not supported by substantial evidence, and it will be reversed.