# CIRCUIT COURT OF THE CITY OF RICHMOND

Nicole M. Kay

v.

Virginia
Commonwealth
University

November 15, 2001

Case No. HN-2056-1

BY JUDGE MELVIN R. HUGHES, JR.

The issue presented in this case is whether Petitioner Nicole M. Kay, a student who has graduated from Virginia Commonwealth University School of Social Work (VCU), is entitled to in-state tuition status as a Virginia domiciliary under Va. Code § 23-7.4. The case is here on appeal from a decision denying in-state tuition status.

Briefly, Kay applied to VCU for classification as a Virginia domiciliary in May 2000. Had the application received favorable action by VCU, Kay would have been charged the in-state tuition rate for all semesters beginning with the fall of 2000. However, the VCU Residency Board (the Board) denied Kay in-state status on the grounds that she had failed to offer clear and convincing evidence that she was a Virginia domiciliary for one year prior to the start of the Fall 2000 semester. The Board denied Kay's request following a hearing held on September 22, 2000. The Board made its findings at the close of the hearing and thereafter issued a written opinion confirming the decision made at the hearing. Kay then filed a Petition for Review in this appeal with the court on November 1, 2001.

Kay also applied for classification as a Virginia domiciliary for the spring 2001 semester. Following a March 2, 2001, hearing, the Board denied Kay's request for in-state tuition status. The Board then issued a written opinion

confirming the decision made at the hearing. Kay filed a Petition for Review covering this denial. Both petitions are now before the court for decision.

The Virginia General Assembly has set a presumption in these cases under Va. Code § 23-7.4(c) as follows:

[a] matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile.

The Court must review the record and the decision by the Board to determine if it was "arbitrary, capricious, or otherwise contrary to law." Va. Code § 23-7.4:3(a).

The General Assembly has prescribed in § 23-7.4(b) ten factors to determine domiciliary intent:

In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status.

All the factors shall be considered, but none of the factors alone are determinative of domiciliary intent or lack thereof. The record here supports many of the enumerated indicia of intent stated in Va. Code § 23-7.4(b).

In February 1999, Kay applied to graduate schools for admission in the fall of that year. She applied to VCU as well as other out-of-state schools. In April 1999, she moved to Virginia to live with her fiancé. Later in April, Petitioner received a letter of acceptance from the VCU graduate program. Kay testified that she would have attended Catholic University in Washington, D.C., had she not been accepted into the VCU graduate

program. She further explained that she applied to Pennsylvania schools as a backup had she not been accepted by VCU.

Kay offered documentary evidence and testimony to show that she filed 1999 income tax returns in Virginia. As well, she offered documentary evidence and testimony to show she was not claimed as a dependent on her parents' income tax returns in 1999. She testified that she intended to file her 2000 income tax return in Virginia.

As of 1999, Kay holds a valid and current Virginia driver's license. Her vehicle is registered in her name in Virginia. She has been a registered Virginia voter since 1999. She also testified that she has multiple investment accounts in her name and does not receive any financial support from her parents.

Throughout her time in Virginia, Kay has been employed in the state, beginning in early 1999. She stated she worked full-time during the summer, when she was not a full-time student and estimated that her earned income for 2000 would approximate $7000 but that her investments supplement that income. Petitioner's 1999 earned income was approximately $3,000.

Kay explained the circumstances which prevented a written offer of employment. She offered evidence of an informal promise of employment with Fairfax County. Further, she indicated her intent to seek post-graduation employment in Virginia and her intent to be professionally licensed in Virginia.

Finally, Petitioner testified as to her social relationships in Virginia. She moved to the state to live with her fiancé, with whom she is currently sharing a lease. As well, she testified that she wanted to attend school here because of that personal relationship.

*The Fall 2000 Semester*

The Board denied Petitioner in-state tuition status for the fall 2000 semester stating:

> Number one, she was unable to rebut the presumption that she came for purposes of education. She applied to two out-of-state schools and even indicated if she had not been accepted to the Virginia school and had been accepted to the University of Pennsylvania, she would have attended that school to be close to her family. She did not rebut the presumption that she is financially independent [sic], since her income tax returns show that she really only had about $3000 of earned income. And third, she could provide no evidence

that she owned property or could document the intent to stay in terms of a job offer or licensure.

The Board's fall 2000 decision is arbitrary in that it ignores pertinent evidence, and is otherwise contrary to law.

First, the decision ignores Kay's testimony that she would have attended Catholic University had she not been accepted into the VCU program. Catholic is a school within commuting distance of Virginia. Further, Kay is not required to forego all possibility of future out-of-state education in order to establish intent to make Virginia her domicile. *See Morrison v. Virginia Commonwealth Univ.*, 36 Va. Cir. 317 (1995). She moved to Virginia to live with her fiancé, and she stated she intended then to make Virginia her domicile. The determination of intent should not be based on a hypothetical situation of what might have happened had Kay not been accepted to the Virginia area schools but had been accepted to the out-of-state schools.

Second, the Board's decision that Kay failed to show her independent status is not based on the evidence and the standard applied is contrary to law. An independent student is defined in Va. Code § 23-7.4 as "one whose parents have surrendered the right to his care, custody, and earnings, do not claim him as a dependent on federal or state income tax returns, and have ceased to provide him substantial financial support." The Board ignored the evidence that indicated that Kay was self-supporting, with no aid from her parents, for at least a year prior to her application for in-state tuition status. The regulations promulgated under the applicable code provisions provide a presumption that a student under twenty-four is dependent unless the student qualifies under one of the delineated exceptions. 8 VAC 40-120-70. The regulations further require that students under twenty-four establish independent status either by demonstrating financial self-sufficiency by clear and convincing evidence or meeting one of the exceptions. 8 VAC 40-120-80B. Among other things, a student under twenty-four is excepted if she is a full time graduate or professional student. 8 VAC 40-120-70Bb. There is no dispute that Kay is a full-time graduate student. Thus, because Kay qualifies under an exception to the presumption of dependency, she is not required to show financial self-sufficiency by clear and convincing evidence. Thus, the Board's decision that Kay "did not rebut the presumption that she is financially []dependent" ignores the evidence and is contrary to applicable law.

*The Spring 2001 Semester*

The Board denied Kay in-state tuition status for the spring 2001 semester stating:

> [T]he student is out-of-state for tuition purposes, based upon, one, she is still not married; therefore, she cannot claim her status based on a spousal relationship. Two, although we do not have year 2000 income tax returns, she states that she would be reporting approximately $6000 of earned income, which does not meet the statute requirement for minimum income in order to justify independence. And third, in the third case, she still confirmed that she applied to multiple schools, and that had she not been accepted to VCU, she would have gone to Catholic University outside the State of Virginia, which supports the fact that education was a primary reason for coming to VCU. And finally, she was not, although she stated her intent to stay in the State of Virginia and seek employment upon graduation, she did not provide documentation to definitively support that.

The Board's ruling was arbitrary and capricious, ignores the evidence, and is otherwise contrary to law.

First, the Board's statement that Petitioner failed to meet the statutory minimum requirement for income is without support in law. Nowhere is there a minimum income requirement to establish independent status. As noted, Kay, a graduate student, falls into an enumerated exception to the presumption of dependency. As well, Kay offered evidence that she is self-supporting and receives no financial aid from her parents. The Board's decision was based on a standard contrary to law.

Second, the Board's conclusion about the possible turn of events had Kay not been accepted to the VCU graduate program is not relevant to the consideration of domiciliary intent and is further not a logical conclusion based on the evidence. The possibility that a change in events might have altered Kay's domiciliary intent is not indicative of her actual intent upon her move to Virginia. Moreover, the fact that Kay would have attended Catholic University in Washington, D.C., had VCU not accepted her, while a factor to be considered on domiciliary intent, is not determinative. Kay testified that one can easily live in Arlington and commute to Washington, D.C., on a daily basis. Thus, the Board's conclusion that the existence of an educational alternative plan negates Kay's domiciliary intent is arbitrary and not based on the evidence.

Third, the Board failed to look at all the evidence in assessing the impact of Kay's future employment on her domiciliary intent. While the statute specifies that a written offer of employment should be considered a factor in determining domiciliary intent, the applicable regulation broadly interprets that factor. Specifically, "students nearing graduation and seeking reclassification provide strong evidence of domiciliary intent with proof of likely employment in Virginia following graduation." 8 VAC 40-120-40E10c. Thus, the Board must consider other evidence of likely future employment besides a written offer. Kay testified to her likely employment with Fairfax County and explained why a written offer was not possible. Further, she testified she intended to seek employment in Virginia and to obtain her professional license here. The Board's decision ignores this pertinent evidence of domiciliary intent.

VCU's reliance on *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 519 S.E.2d 618 (1999) is not determinative. There, the court ruled that VCU's denial of in-state tuition status was not arbitrary and capricious. In *Ravindranathan*, the petitioner moved to Virginia originally to attend college with a guaranteed admission to VCU's medical school. When she applied for in-state tuition status before her first year in medical school, she was already in Virginia for the purpose of attending medical school. Further, there was evidence that Ravindranathan was still depending on her parents for financial support in the form of a co-signed loan. Here, Kay moved to Virginia to live with her fiancé and before her acceptance into VCU's graduate program and her decision to attend. Moreover, there is no factual question about Kay's independent status. These facts distinguish this case from *Ravindranathan*.

This Court's decision in *Morrison v. Virginia Commonwealth Univ.*, 36 Va. Cir. 317 (1995), is more on point. In that case, the Petitioner moved to Virginia a mere two months prior to the start of graduate school. He offered evidence of only five of the nine specified factors. The Petitioner's only employment was an eight-week assistantship. He did not make enough money to file income tax returns. Further, the Petitioner was unable to conclusively show his intent to remain in the Commonwealth upon graduation. Nevertheless, this Court held that the VCU Residency Board's refusal to grant in-state tuition status in that case was arbitrary and capricious or otherwise contrary to law. "[S]ince there is nothing in the record from which it can reasonably be said that such domiciliary intent does *not* exist, VCU's decision denying in-state tuition status is not supported by substantial evidence and will be reversed." *Morrison, supra.*

The facts in *Morrison* are far less persuasive than the facts at hand. In the present case, Kay has shown eight of the ten factors and has offered strong

evidence of the ninth, future employment. The one absent factor is ownership of real property. However, "the Court will not force a full time student. ... to purchase a home before it is willing to believe [she] intend[s] to remain in the state." *Salazar v. Virginia Commonwealth Univ.*, 42 Va. Cir. 344 (1997).

The Court finds that the Board acted arbitrarily, capriciously, or otherwise contrary to law in denying Kay in-state tuition status for the fall 2000 and spring 2001 semesters. Kay is entitled to in-state tuition status.