# CIRCUIT COURT OF THE CITY OF RICHMOND

Neil R. Sharma

v.

Virginia
Commonwealth
University

October 5, 2000

Case No. LL-1088-1

BY JUDGE MELVIN R. HUGHES, JR.

Neil R. Sharma is a first year medical student enrolled at the Virginia Commonwealth University Medical College of Virginia (VCU). He appeals a decision of the Residency Appeals Committee at VCU denying his request for in-state tuition benefits.

This is Sharma's third attempt for in-state student status. Without objection, VCU has furnished for the court's consideration in this appeal the transcripts of the three hearings: the instant one of April 28, 2000, and two earlier ones held September 10, 1999, and January 23, 1998. After a review of the record and considering the argument made at a hearing on the appeal, the court decides that the decision of the Residency Committees should be affirmed.

VCU places heavy reliance on *Ravindranathan v. Virginia Commonwealth University*, 258 Va. 269 (1999), for good reason. Sharma's facts and circumstances are similar to that of *Ravindranathan*, a case which denied in-state tuition status.

In *Ravindranathan* the student, as here, was a first year medical student at VCU who was admitted to VCU as an undergraduate under a program that guaranteed admission to VCU's medical school upon completion of undergraduate studies. In the three hearings, Sharma established many relevant facts similar to those in *Ravindranathan*. Sharma enrolled in VCU in the fall of 1996. He has lived continuously in Virginia since then to the

present. While he did not list any employment for three years, he filed a Virginia state income tax return for 1997 to 1999. He did not file a state income tax return in any other state. His parents have not claimed him on their income tax returns for 2000 and 1999.

Sharma registered to vote in Virginia in 1997 and he has had a Virginia driver's license since June 1997. His motor vehicle has been registered in his name here since September 1997, and he purchased a condominium with funds set aside for him by his parents. He maintains both checking and savings accounts in Virginia.

Sharma stated that he moved to Virginia because he has relatives here and because his parents are planning to retire here. He has stated that he intends to remain in Virginia indefinitely. When he applied to VCU, he had also applied to other colleges and universities. Before the application process and before his freshmen year as an undergraduate at VCU, Sharma had made no plans to take up residency in Virginia.

At one of the hearings Sharma testified he is financially self sufficient although he related he does receive $200 a month from his parents. He works part-time and some during the summers and receives rental income from the condominium. He told the committee that he has aunts and uncles in Richmond and that one of the reasons he moved to Virginia was to be closer to them. As mentioned, he stated that his parents plan to retire here in five years, when his sister completes college. In the September 1999 hearing, Sharma responded to the question of where he intended to live after medical school stating:

Well, I have a whole year to decide. I've made a lot of friends here so, I guess here, after five more years.

At the time of the April 2000 hearing, Sharma had not graduated. He stated that upon graduation in May 2000, he planned to visit his parents in Indiana until beginning medical school in August 2000 at MCV. He usually spends some time each summer with his parents. In the summer of 1999, he spent two months in Indiana with his parents.

Va. Code § 23-7.4(B), governing eligibility for in-state tuition charges at Virginia colleges and universities, states in relevant part:

To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged

entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed.

In determining domiciliary intent, all of the following applicable facts shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objects or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not convert domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

In the appeal of decisions denying in-state status Va. Code § 23-7.4:3(A) directs that the circuit court's function on review is "to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law."

Even though Sharma presented evidence that he is registered to vote in Virginia etc. and has done or is doing other things as indicia of domiciliary intent, the task for this court at this juncture is to determine on review if the decision to deny was not arbitrary, capricious, or otherwise contract to the law. *Id.* at 274. In its April 28, 2000, decision denying Sharma's application, the Residency Committee found that Sharma came to Virginia for educational purposes and that those purposes were the primary reason he has remained in Virginia. It also found that Sharma had not presented enough to document "at least an annual earned income reported for tax purposes equivalent to 50 work weeks or 40 hours at minimum wage," as stipulated in Va. Code § 23-7.4.

*Ravindranathan* provides that the circuit court in such cases should not "reweigh the evidence considered by the Residency Appeals Committee." *Id.* at p. 275. As in *Ravindranathan*, the facts adduced in the three hearings could be considered "auxiliary to fulfilling educational objectives or are routinely performed by temporary residents of the Commonwealth," not constituting a

change in domicile. *Id.* at p. 275. And the court so finds. The decision to deny in-state tuition status is affirmed.