# CIRCUIT COURT OF THE CITY OF RICHMOND

Premo Rizzo

v.

Virginia Commonwealth
University

December 7, 2000

Case No. HK-2134

BY JUDGE RANDALL G. JOHNSON

Argument on the petition for review in this case was heard on December 6, 2000. Petitioner appeals the decision of the Residency Appeals Committee of Virginia Commonwealth University ("VCU") denying him in-state tuition status.

Eligibility for in-state tuition is governed by Va. Code § 23-7.4. The relevant portions are as follow:

> A. . . . "Domicile" means the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely. . . .
> "Domiciliary intent" means present intent to remain indefinitely. . . .
> B. To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed. . . .
> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year

prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

Petitioner first applied for in-state status on August 4, 1998. The application was denied and petitioner appealed to the Residency Appeals Committee. The Committee also denied his request. Petitioner filed a second application on August 24, 1999. The second application was denied as well. On appeal, the Residency Appeals Committee again denied petitioner's request for in-state status citing a lack of clear and convincing evidence of petitioner's intent to make Virginia his domicile. The transcript of the hearing indicates that the committee found that petitioner had failed to provide documentation to support his claim that he came here for purposes other than education and had failed to provide documentation or testimony to support his intention to remain in Virginia indefinitely. It is from the second application that petitioner appeals to this court.

In reviewing a decision of the Residency Appeals Committee, this court is limited to determining "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law." Va. Code § 23-7.4:3(A). The Virginia Supreme Court has cautioned that circuit courts should not reweigh the evidence. *See Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 274, 519 S.E.2d 618 (1999).

In his second application and at the subsequent hearing before the Residency Appeals Committee, petitioner presented evidence that he had lived in Virginia continuously since July 1997. From May 1998 to September 1998 and from March 1999 to June 1999, petitioner was employed in Virginia. For

the year preceding his second application, petitioner filed a Virginia State Resident Income tax return. Prior to his move to Virginia in 1997, petitioner filed a New York State Resident Income tax return. Petitioner has been registered to vote in Virginia since February 1999 and has had a Virginia driver's license since August 1997. Petitioner's car has also been registered in Virginia since August 1997. Petitioner has a checking account in Virginia but does not own any real property here.

Petitioner listed a variety of reasons for moving to Virginia. He specifically cited the presence of family members, employment opportunities, the economy, the climate, and the quality of life. For those same reasons, petitioner stated he intended to remain in Virginia indefinitely. Petitioner moved here, however, only after applying to, and being accepted by, VCU. Although he stated during the hearing that he had sought employment in Virginia prior to applying to VCU, he did not supply any documentation to support that claim.

In reviewing the evidentiary record, it is clear that petitioner fulfilled many of the statutory factors for determining domicile. It is also clear, however, that the record contains substantial evidence to support the committee's decision. Specifically, the record shows that petitioner moved to Virginia only after he was accepted by VCU. In addition, he was unable to provide any documentation of any sort of job search in Virginia prior to such acceptance. He also provided no documentation or other evidence that he had made arrangements to rent an apartment or house in Virginia prior to his acceptance by VCU. Under these circumstances, the committee was fully justified in finding that petitioner failed to rebut by clear and convincing evidence the statutory presumption that he is in the Commonwealth solely for the purpose of attending school and not as a bona fide domiciliary. The court certainly cannot say that the committee's decision was arbitrary, capricious, or otherwise contrary to law. Its decision will be affirmed.