# CIRCUIT COURT OF THE CITY OF RICHMOND

Colby Echols

v.

Virginia Commonwealth
University

April 5, 2004

Case No. CH03-727-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal from a decision of Virginia Commonwealth University's ("VCU") Residency Appeals Committee ("Committee") that Colby Echols is not entitled to in-state tuition status at VCU's dental school for the Spring 2003 semester. After considering the record and arguments presented, the Committee's decision will be affirmed.

Virginia Code § 23-7.4(B), which is part of the law that governs the grant of in-state tuition status at state-supported colleges and universities in the Commonwealth, provides in pertinent part:

> To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that, for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed.
>
> To become eligible for in-state tuition, a dependent student or unemancipated minor shall establish by clear and convincing evidence that, for a period of at least one year prior to the date of the alleged entitlement, the person through whom he claims eligibility was domiciled in Virginia and had abandoned any previous domicile, if such existed. . . .

In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

Virginia Code § 23-7.4:3(A) provides, also, in pertinent part:

Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.

In addition to the statutory provisions, the State Council of Higher Education, pursuant to the authority given to it by Va. Code §§ 23-7.4:3 and 23-9.6:1(15), has adopted the following regulation, which appears in the Virginia Administrative Code at 8 VAC 40-120-100:

C. Dependent spouses. . . .

3. [A] dependent spouse "stands in the shoes" of the person providing the support. Therefore, the dependent spouse's actions in establishing or not establishing domicile in Virginia are irrelevant. The institution should only consider whether the person through whom the applicant is claiming dependency has met the requirements for establishing domicile.

The parties agree that Echols is dependent on his wife, who is a full-time employee of VCU. As such, his "actions in establishing or not establishing domicile in Virginia are irrelevant," something specifically recognized by the Committee. In spite of that fact, Echols spends much of his written submission arguing that *he* has met the domiciliary intent requirement. As the cited regulation makes clear, only his wife's domiciliary intent is relevant.

The parties also agree that six of the factors set out in Va. Code § 23-7.4(B) as evidence of domiciliary intent are present. Ms. Echols has resided in Virginia for at least one year prior to the date of alleged entitlement; she pays Virginia income taxes; she has a Virginia driver's license; the parties' leased automobile is registered in Virginia; Ms. Echols is registered to vote in Virginia; and she is a full-time employee in Virginia. Echols also argues that the "property ownership" factor and the "sources of financial support" factor are present because he and his wife pay personal property tax in Virginia on their leased automobile and Echols' sole source of support is his wife's income. With regard to the car, consideration has already been given to the fact that it is registered in Virginia. No further consideration for payment of personal property tax is warranted. With regard to Echols' source of income, the court again reminds Echols that it is not his situation that is important. It is his wife's. The source of her financial support is her job, which has already been listed as a separate factor, "employment," in her favor. Even with the presence of those factors, Echols has not shown that the Committee's decision was arbitrary, capricious, or otherwise contrary to law.

In what appears to be the only reported decision from the Supreme Court of Virginia involving the granting or denial of in-state tuition status, the Court affirmed a denial of in-state status even though at least the same factors that are present here were also present there. In *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 519 S.E.2d 618 (1999), the student had completed her undergraduate studies at VCU and, thus, had lived in Virginia for considerably more than one year prior to applying for

in-state tuition status to attend medical school. She was registered to vote in Virginia, possessed a valid Virginia driver's license, owned a car that was registered in Virginia, had checking and savings accounts with financial institutions in Virginia, and filed a Virginia state resident income tax return the year preceding the date of her application. Although she was not employed at the time she made her application for in-state tuition status, she had worked full-time in Virginia for four months between her graduation from undergraduate school and her enrollment in medical school. As noted, her application was denied, and the denial was affirmed by the circuit court and by the Supreme Court.

In the case at bar, Ms. Echols did not testify at the hearing before the Committee. Since it is her domiciliary intent that governs, her testimony might have been helpful. Echols testified that he applied to several dental schools and was accepted at Temple University and VCU. He stated that, if he had not been accepted at VCU, he is "sure" he would have accepted the offer at Temple. While he testified that his wife was really excited about the job opportunities in Virginia for people interested in working in the area of corporate websites – she is currently a "web master" at the dental school – and that she immediately began applying for jobs here, he also testified that she looked for jobs in the Temple area. She did not come to Virginia until he came to go to school. Perhaps most damaging to Echols' efforts were the following question and answer at the Committee hearing:

Q. What are your ultimate plans once you graduate?
A. Work as a dentist. We plan on staying here at the moment. We do not really have any place else to go. The market is really good here for dentistry and for Christy's [Ms. Echols] career.

Transcript, at 10.

Echols is presumed to have come to Virginia solely to attend school. It was his burden before the Committee to overcome that presumption by clear and convincing evidence. It is his further burden to show that the Committee's decision was arbitrary, capricious, or otherwise contrary to law. The above answer, even under the sanitized analysis that reading a transcript offers, is not particularly indicative of a commitment to remain in Virginia. The members of the Committee, who were in a position to observe Echols's demeanor and body language when he gave the answer, were obviously not persuaded. Neither is the court. The Committee's decision will be affirmed.