## CIRCUIT COURT OF FAIRFAX COUNTY

Edward O'Shea

v.

George Mason University

July 13, 2007

Case No. CL-2007-3421

By Judge Jane Marum Roush

This matter came on for a hearing on June 22, 2007, on the petitioner's administrative appeal of the determination of George Mason University (GMU) that he is not a domiciliary of Virginia entitled to in-state tuition. At the time of the hearing, the court took the matter under advisement. I have now had the opportunity fully to review the administrative record, the briefs, and the case law submitted. For the following reasons, the petition will be denied.

### Facts and Procedural History

The petitioner Edward O'Shea is a rising third-year law student at George Mason University School of Law. He is presently 31 years old and unmarried. O'Shea grew up in Texas. After college, he moved to New York in 1999 to join his parents. He applied to law schools in New York and was accepted at the law school of the University of Buffalo. He decided that he did not want to attend law school in Buffalo and did not matriculate. Instead, he stayed in New York for a year while he decided where he wanted to live. He applied for and was accepted to GMU's law school. He moved to Virginia in July 2005 and began his studies as a full-time first-year law student at GMU in August 2005. O'Shea was classified as an out-of-state student for the 2005-2006 academic year.

In the Summer of 2006, O'Shea applied to be reclassified as a Virginia domiciliary for the Fall 2006 semester, based on his residence in Virginia for the previous twelve months. O'Shea is an "independent" student, meaning that he is self-supporting. He stated on his application

for a change of domicile that he moved to Virginia "to prepare to practice law in Virginia." He stated that, in the previous twelve months, he had leased an apartment in Virginia, filed a tax return in Virginia, registered to vote in Virginia, held a Virginia driver's license, and registered his car in Virginia. He also filed a tax return in New York as a partial year resident. He did not own land or a home in Virginia. He did not work in Virginia. He supported himself through the proceeds of student loans and his savings. Administrative Record, Tab 1.

O'Shea's petition to be reclassified as an in-state student was denied at the initial decision level of GMU's appeals process. Administrative Record, Tab 2. In his submissions to the intermediate appeals level, he stated that he moved to Virginia "to become a Virginia lawyer." He described his plans after graduation as being to "practice law in Northern Virginia as part of the Commonwealth's Attorney's office or in a firm in the area." He added that, in the Summer of 2006, he worked as an unpaid intern at the Circuit Court of Loudoun County, he paid personal property taxes in Virginia in 2005 and 2006, and he was an officer of the GMU chapter of the Virginia Bar Association. Administrative Record, Tab 3.

O'Shea's petition to be reclassified as a Virginia domiciliary was denied by the intermediate appeals level, which ruled that:

> Based upon the information that you submitted, it appeared that attending law school was a primary purpose for your moving to Virginia. The materials showed that you moved to the Commonwealth, after being admitted to the law school and approximately one month before you began full-time enrollment as [sic] at the law school. You have maintained full-time enrollment since then, except for summer. . . . In addition, it appeared that some of the other factors presented for domicile may have been secondary or auxiliary to the full-time study of law.

Administrative Record, Tab 4.

O'Shea filed a request for reconsideration. He added to the information already submitted the fact that he "put off law school for a year in order to move to Virginia." O'Shea explained that:

> In stating that I moved to Virginia to become a Virginia lawyer, I did not mean that I had moved here to go to Law School. To the contrary, I put off Law School for a year so that I could move here. My intention was to move to an area where I could see myself settling down, raising a family, and also having a career that could support that.

Administrative Record, Tab 5.

O'Shea's request for reconsideration was denied by the intermediate appeals level. Administrative Record, Tab 6. He then appealed the decision to GMU's Third Level Domicile Appeals Committee. O'Shea explained that his statement that he moved to Virginia to go to law school had been misinterpreted. He stated that:

> [A]s a factual matter, attending law school was not a primary purpose in my decision to move to Virginia. I would have attended law school whether I moved to Virginia or not and actually deferred law school so that I could move to Virginia with the goal of settling in a place that I could see myself staying long-term.

Administrative Record, Tab 7. The Third Level Domicile Appeals Committee denied O'Shea's petition, adopting the rationale of the intermediate appellate ruling. Administrative Record, Tab 8. O'Shea's appeal to this court followed.

### Applicable Law

Virginia Code § 23-7.4 and § 23.7.4:3(A) govern the resolution of O'Shea's petition. Code § 23-7.4 provides, in pertinent part:

> To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that, for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed. . . .[1]
>
> In determining domiciliary intent,[2] all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment

---

[1] The statute defines "domicile" as the "the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely. No individual may have more than one domicile at a time. Domicile, once established, shall not be affected by mere transient or temporary physical presence in another jurisdiction." Va. Code § 23-7.4

[2] The statute defines "domiciliary intent" as the "present intent to remain indefinitely." Va. Code § 23-7.4.

following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. *A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.*

Those factors presented in support of entitlement to in-state tuition shall have existed for the one-year period prior to the date of the alleged entitlement.

Virginia Code § 23-7.4 (emphasis added).

Virginia Code § 23-7.4:3(A) provides, in pertinent part:

Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, *whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.*

Virginia Code § 23-7.4:3 (emphasis added).

To date, the Virginia Supreme Court has interpreted the provisions of Va. Code § 23-7.4 in only one case, *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 519 S.E.2d 618 (1999). In that case, Meera Ravindranathan came to Virginia to enter Virginia Commonwealth University (VCU) as a freshman. Upon the completion of her undergraduate studies, she was accepted as a student at VCU's medical school. She testified that she decided to become a Virginia resident at that time. She provided evidence that she owned a condominium in Virginia, was registered to vote in Virginia, possessed a Virginia driver's license, owned a car registered in Virginia, and filed a Virginia state income tax return. Her application to be classified as a Virginia domiciliary entitled to in-state tuition was denied by VCU. The Residency Appeals Committee at VCU found that

Ravindranathan "came to Virginia for educational purposes and that those purposes [were her] primary reason for remaining in Virginia." That decision was affirmed by the circuit court.

On appeal, the Supreme Court affirmed the trial court's denial of Ravindranathan's petition for review. The Supreme Court held:

> The circuit court correctly refused to reweigh the evidence considered by the Residency Appeals Committee and, as required by Code § 23-7.4:3, the circuit court limited its review to "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to the law." Code § 23-7.4:3. Upon review of the record, the circuit court held that the Residency Appeals Committee's decision was not arbitrary because the facts that Ravindranathan presented in support of her petition "could be considered . . . auxiliary to fulfilling educational objectives or are routinely performed by temporary residents of the Commonwealth" and therefore do not constitute a change in domicile. Code § 23-7.4."
>
> On appeal, the sole issue that we may consider is whether the circuit court was plainly wrong when it held that the Residency Appeals Committee's decision was not arbitrary, capricious, or otherwise contrary to the law. Our review of the record reveals that the facts upon which Ravindranathan relies to support her purported Virginia domicile could also be deemed auxiliary to fulfilling her educational objectives or are routinely performed by temporary residents of this Commonwealth. Thus, the Residency Appeals Committee's decision was not arbitrary or capricious, and the circuit court's judgment upon review of that decision was not plainly wrong. Accordingly, we will affirm the judgment of the circuit court.

*Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 274-75, 519 S.E.2d 618 (1999).

### Analysis

O'Shea has a difficult burden to overcome the statutory presumption that he is not a domiciliary of Virginia. As a matriculating student who entered an institution and was classified as an out-of-state student, he must rebut by "clear and convincing" evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a *bona fide* domiciliary. Va. Code § 23-7.4.

This court finds the *Ravindranathan* case is both instructive and controlling. It is not the function of this court to serve as a super-member of

GMU's Domicile Appeals Committee and weigh the factors that argue for and against O'Shea's application to be considered a Virginia domiciliary. Rather, this court's sole function is to determine "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law."

Having carefully reviewed the entire record, this court concludes that the decision reached by GMU's Domicile Administration could reasonably be said not to be arbitrary, capricious, or otherwise contrary to law. GMU could have reasonably concluded that O'Shea came to Virginia primary to attend GMU's law school and that the steps he took to establish Virginia as his domicile such as registering to vote in Virginia and registering his car in Virginia "may have been secondary or auxiliary to the full-time study of law." Consequently, this court finds that GMU's decision was not arbitrary or capricious.

## Conclusion

For the foregoing reasons, O'Shea's petition for review will be denied.