## CIRCUIT COURT OF FAIRFAX COUNTY

Brie-Anna Cunningham

v.

George Mason University

February 28, 2011

Case No. CL-2010-16724

By Judge Robert J. Smith

This matter comes before the Court on Plaintiff Brie-Anna Cunningham's motion to compel discovery. After considering the oral arguments of counsel and reviewing the applicable legal authority, I find that the review on appeal is limited to the administrative record and Cunningham may not introduce new evidence. I deny the motion.

### Background

Cunningham is a student at George Mason University ("University"). In August 2008, Cunningham relocated from Florida to Virginia and applied for in-state tuition for the fall 2009 semester. The University denied Cunningham's application. On October 29, 2010, Cunningham appealed the University's decision to this Court. Cunningham served her discovery requests on the University on December 9, 2010. On December 27, 2010, the University objected to the requests on the basis that this Court's review was limited to the administrative record. Cunningham filed this motion to compel discovery on February 2, 2011.

### Analysis

Cunningham argues that, because this appeal is not an administrative appeal pursuant to Rule 2A of the Supreme Court of Virginia, the discovery limitations contained therein do not apply in this case. Thus, Cunningham contends, the University must comply with the standard discovery procedures of Rule 4:1(b) of the Supreme Court of Virginia.

Under the Administrative Process Act codified in Part 2A of the Virginia Supreme Court Rules, the court may not accept new evidence unless an administrative record does not exist. *School Bd. of County of York v. Nicely*, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991). Furthermore, discovery under Part 4 of the Rules is not permitted in Part 2A appeals. Va. Sup. Ct. R. 2A:5 (2011).

However, pursuant to the Virginia Code, educational institutions operated by the Commonwealth are exempt from the Administrative Process Act. Va. Code Ann. § 2.2-4002(A)(6) (2011). George Mason University is one such institution. Va. Code Ann. § 23-14 (2011). Moreover, because the University is an instrumentality of the Commonwealth, it is *de jure* the Commonwealth itself. *Rector & Visitors of U. Va. v. Carter*, 267 Va. 242, 591 S.E.2d 76 (2004). Therefore, George Mason enjoys sovereign immunity and cannot be sued absent an express waiver of the immunity. *Afzall v. Commonwealth*, 273 Va. 226, 231, 639 S.E.2d 279, 282 (2007).

In the absence of an express waiver of sovereign immunity, the Virginia Code provides a limited waiver in cases involving educational institutions. Va. Code Ann. § 23-7.4:3 (2011). Section 23-7.4:3 deals with appeals of decisions regarding in-state tuition. *Id.* § 23-7.4:3(A). Section 23-7.4:3(A) describes the procedure as follows:

> Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law.

*Id.*

The Administrative Process Act does not apply in this case. Va. Code Ann. § 2.2-4002(A)(6) (2011). Because this is an appeal of the University's decision regarding Cunningham's eligibility for in-state tuition, § 23-7.4:3 governs the appeals procedure. Va. Code Ann. § 23-7.4:3 (2011). Pursuant to this section, this Court's role on appeal is to make a determination, based on the record, whether the University's decision was "arbitrary, capricious, or otherwise contrary to law." *Id.* § 23-7.4:3(A).

Cunningham argues that § 23-7.4:3 does not explicitly prohibit discovery, because, unlike the Administrative Process Act, it does not directly state that Part 4 of the Supreme Court Rules is inapplicable. In the

absence of relevant precedent from the Supreme Court, Cunningham urges this Court to permit discovery. To do otherwise, Cunningham contends, will allow educational institutions to unfairly limit the scope of evidence on appeal.

I decline to grant Cunningham's request. The Virginia Code states that the court's function is "only to determine," "on the basis of the record," that the institution's decision was not "arbitrary, capricious, or otherwise contrary to law." *Id.* The words "on the basis of the record" and "only" reflect the Legislature's intent to limit the court's involvement to evaluating the record before it and ensuring that the institution reached its decision via proper principles.

Furthermore, circuit courts, as well as the Supreme Court, seem to suggest, without stating so directly, that additional evidence is not permitted under § 23-7.4:3. See, e.g., *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 274, 519 S.E.2d 618, 620 (1999) (holding that the circuit court in Richmond was correct in refusing to reweigh the evidence presented at the administrative proceeding); *Wittich v. George Mason Univ.*, 75 Va. Cir. 311, 314 (2008); *O'Shea v. George Mason Univ.*, 2007 Va. Cir. LEXIS 327, *10 (Va. Cir. July 13, 2007) ("[i]t is not the function of this court to serve as a super-member of George Mason University's Domicile Appeals Committee and weigh the factors that argue for and against O'Shea's application. . . . Rather, this court's sole function is to determine `whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law'.") *Rizzo v. Virginia Commonwealth Univ.*, 54 Va. Cir. 216, 217 (2000); *Sharma v. Virginia Commonwealth Univ.*, 53 Va. Cir. 348, 350 (2000).

The overwhelming reluctance among courts to reweigh the evidence presented at the administrative hearing leads me to conclude that this Court may not add to the administrative record by permitting discovery in this case. Thus, I deny Cunningham's motion to compel.