Present:   All the Justices

MEERA RAVINDRANATHAN

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 982473            September 17, 1999

VIRGINIA COMMONWEALTH UNIVERSITY

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Theodore J. Markow, Judge

     In this appeal, we consider whether the circuit court erred in approving a university's decision to deny a student's request for in-state tuition charges.

     Meera P. Ravindranathan, then a first-year medical student at the Medical College of Virginia of Virginia Commonwealth University ("VCU"), filed a request for in-state tuition benefits.  She stated, in her "Application For Change of Domicile for Virginia In-State Tuition Rates," that her specific reason for changing her domicile from Illinois to Virginia was because her "boyfriend" resided in Virginia.  She stated that her present intention was to remain in Virginia indefinitely because she "like[d] living in Virginia.  My boyfriend will be settling in Northern Virginia so I also plan to stay in Virginia."

     Ravindranathan also included the following relevant facts in her application.  She is registered to vote in Virginia. She possesses a valid Virginia driver's license.  She owns a car that is registered in Virginia.  She has checking and

savings accounts with financial institutions in Virginia. She filed a Virginia state resident income tax return the year preceding the date of her application, and she did not file any state income tax returns in any other state during the period covering three years from the date of her application.

Brenda H. Jones, a residency officer at VCU, denied Ravindranathan's application. Jones concluded that Ravindranathan's primary reason for having moved from her parents' home in Illinois to Virginia was to attend VCU.

Ravindranathan appealed the residency officer's decision to VCU's Residency Appeals Committee. Ravindranathan appeared before the Committee and reasserted the facts that were contained in her application. The following additional facts were established during that hearing.

Ravindranathan entered VCU as a freshman in August 1993. At that time, she was a resident of Illinois. She was admitted in a program which guaranteed her admission to VCU's medical school upon completion of her undergraduate studies. Ravindranathan completed the requirements for her undergraduate degree a semester early, and she worked as a full-time employee with a bank from February 1996 until June 1996.

Ravindranathan stated that she decided to make the Commonwealth of Virginia her permanent residence before she

began her first year of medical school. Her father, a physician in Illinois, has obtained a license to practice medicine in Virginia, and her parents intend to move to Virginia upon his retirement from his medical practice in Illinois. Ravindranathan testified that her father "cosigned for a loan," and she used the proceeds to purchase a condominium in Richmond.

The Residency Appeals Committee denied Ravindranathan's request for in-state tuition benefits. The Committee stated, in a letter to Ravindranathan:

> "Based on your application, oral presentation and documentation submitted, it was the judgment of the Committee that there was not clear and convincing evidence of your intent to make Virginia your domicile. The Committee denied your request for in-state tuition rates.

> . . .

> "The Committee's interpretation of the information presented is that you came to Virginia for educational purposes and that those purposes are your primary reason for remaining in Virginia at this time. It was the opinion of the Committee that your actions to date do not provide sufficient documentation to rebut successfully the presumption that you came to Virginia for educational purposes."

Ravindranathan filed a "Petition for Recognition of Virginia Domicile" in the circuit court. She alleged that the Committee's decision was arbitrary and capricious. VCU responded to the petition, the circuit court reviewed the record, and considered argument of counsel. The circuit court

3

held that the Committee's decision was not arbitrary and, therefore, entered a judgment in favor of VCU. Ravindranathan appeals.

Code § 23-7.4(B), which governs eligibility for in-state tuition charges at state-supported colleges and universities, states in relevant part:

> "To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed.
>
>      . . . .
>
> "In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.
> "Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary."

4

Code § 23-7.4:3(A), which is also pertinent to our resolution of this appeal, states in relevant part:

> "Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious or otherwise contrary to law."

Ravindranathan argues that the evidence that she presented before the Residency Appeals Committee rebutted the statutory presumption of nonresidency. Continuing, she states that "there is no evidence in the record which could arguably be said to support the decision of the Committee." Ravindranathan asserts that the circuit court "erred by treating the statutory presumption of nonresidency as evidence of nonresidency."

We disagree with Ravindranathan. VCU was not required to present evidence to demonstrate that Ravindranathan was not a domiciliary of this Commonwealth. Rather, Code § 23-7.4(B) requires that a matriculating student who has entered an institution and is classified as an out-of-state student rebut by clear and convincing evidence the presumption that the

student is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

Even though Ravindranathan presented evidence that she registered to vote in Virginia, paid Virginia income taxes, registered her automobile in Virginia, and possessed a Virginia driver's license, the Residency Appeals Committee concluded that she failed to present clear and sufficient evidence of her intent to make Virginia her domicile.  The Committee stated:  "The Committee's interpretation of the information presented is that you came to Virginia for educational purposes and that those purposes are your primary reason for remaining in Virginia at this time."

The circuit court correctly refused to reweigh the evidence considered by the Residency Appeals Committee and, as required by Code § 23-7.4:3, the circuit court limited its review to "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious or otherwise contrary to the law." Code § 23-7.4:3.  Upon review of the record, the circuit court held that the Residency Appeals Committee's decision was not arbitrary because the facts that Ravindranathan presented in support of her petition "could be considered . . . auxiliary to fulfilling educational objectives or are routinely performed by temporary residents of the Commonwealth' and

6

therefore do not constitute a change in domicile.  Code § 23-7.4."

On appeal, the sole issue that we may consider is whether the circuit court was plainly wrong when it held that the Residency Appeals Committee's decision was not arbitrary, capricious, or otherwise contrary to the law.  Our review of the record reveals that the facts upon which Ravindranathan relies to support her purported Virginia domicile could also be deemed auxiliary to fulfilling her educational objectives or are routinely performed by temporary residents of this Commonwealth.  Thus, the Residency Appeals Committee's decision was not arbitrary or capricious, and the circuit court's judgment upon review of that decision was not plainly wrong.  Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.