# CIRCUIT COURT OF THE CITY OF RICHMOND

Kelly A. Gauthier

v.

Virginia Commonwealth
University

May 4, 2004

Case No. CH03-1896-1

BY JUDGE MELVIN R. HUGHES, JR.

This is an appeal noted by a Virginia Commonwealth University (VCU) School of Pharmacy student from a ruling of the VCU Residency Appeals Committee denying a request for in-state tuition status. Under Va. Code § 23-7.4(B):

> Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

The Residency Committee denied in-state tuition status despite evidence that the applicant student satisfied factors listed in Va. Code § 23-7.4(B), such as continuous residence for one year prior to the date of alleged entitlement, filing and payment of Virginia income tax, driver's license, motor vehicle registration, voter registration, employment, property ownership, and sources of financial support. The import of the Residency Committee's decision to deny in-state tuition status was that the student applicant's primary reason in moving here from Rochester, New York, was to attend VCU.

In these cases, the court's review in an appeal is limited to "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law." Va. Code § 23-7.4:3. The transcript of the hearing before the Residency Committee reveals that the student applied to pharmacy school in South Carolina as well as Virginia. She and her fiancé did not move to Virginia until after her acceptance here first. Here, as in *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269 (1999), the student applicant's satisfaction of many of the listed factors could be considered "auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth," not constituting a change in domicile. Va. Code § 23-7.4(B). The Residency Committee decision in denying status cannot be considered arbitrary, capricious, or contrary to law.

Ms. Boston can prepare an order denying the appeal with exceptions noted.