Present:  All the Justices

GEORGE MASON UNIVERSITY

OPINION BY
v.  Record No. 062603     JUSTICE LAWRENCE L. KOONTZ, JR.
January 11, 2008
ROBERT D. H. FLOYD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

In this appeal, we review a circuit court judgment reversing a university's denial of in-state tuition charges requested by one of its students.

BACKGROUND

After completing a graduate degree program at a university in the State of Indiana, Robert D. H. Floyd (Floyd) moved to the Commonwealth of Virginia on May 15, 2004.  He leased an apartment and obtained "several small jobs" prior to matriculating at the George Mason University (GMU) School of Law on August 16, 2004.  During this time, Floyd titled and registered his motor vehicle in Virginia, registered to vote, and obtained a Virginia driver's license.  Floyd was admitted to the law school, for purposes of tuition charges, as an independent out-of-state student.  During his first academic year of enrollment at the law school, he supported himself through income from his summer employment and federal student loans and filed a "part-year resident" state income tax return in Virginia for the 2004 tax year.

Prior to the commencement of his second academic year as a student at the law school, Floyd filed a Domicile Petition for Continuing Students with GMU's Office of the Registrar on August 4, 2005, seeking reclassification for in-state tuition status. Question No. 5 of the pre-printed form petition asked the date that the petitioner moved to Virginia, the reason for the move, and whether the petitioner intended to remain in Virginia in the future. Floyd responded to this question by declaring that he had located to the Commonwealth on "May 15, 2004 . . . to attend law school. I have a job in a VA law firm and intend to stay in the future."

On August 26, 2005, the Office of the Registrar denied Floyd's petition for reclassification as an in-state student. Floyd subsequently filed an appeal with the Office of the Registrar on September 16, 2005.[1] Question No. 7 of the appeal form asked "when and why did you initially move to Virginia?" Once again, Floyd responded "May 15, 2004," and completed the

---

[1] There are three levels of administrative appellate review offered to a student seeking domicile reclassification at GMU. Upon rejection of the student's original petition by the Office of the Registrar, a student wishing to seek further review of the Registrar's reclassification decision can do so by requesting review with the Intermediate Level Domicile Appeals Committee within fifteen business days from receipt of the original rejection. If a student then wishes to appeal the decision of the Intermediate Level Domicile Appeals Committee, he may do so by subsequently petitioning for review of this decision with the Third Level Domicile Appeals Committee, again within fifteen days of receipt of the previous response.

"Reason" section by stating that he had moved to Virginia in order "[t]o attend law school and seek employment."

The Intermediate Level Domicile Appeals Committee denied Floyd's appeal by letter on October 28, 2005. Floyd filed a Request for Reconsideration, which permitted submission of "new objective information," wherein he attached a letter dated September 20, 2005 from the law firm where he had interned, stating that he had now been "hired [as a] law clerk." GMU again denied Floyd's petition, stating that he had "not demonstrated by clear and convincing evidence that [he had] established and maintained a Virginia domicile for the entire one-year period prior to the start of classes for Fall 2005."

Floyd filed yet another appeal on December 15, 2005, which was denied on February 3, 2006, and confirmed by letter on April 12, 2006. Pursuant to Code § 23-7.4:3 and 8 V.A.C. § 40-120-280, Floyd subsequently sought a review of GMU's final administrative decision in the Circuit Court of Fairfax County. On appeal, the circuit court reversed GMU's decision, ruling that the decision was "arbitrary, capricious, [or] otherwise contrary to law." This appeal followed.

DISCUSSION

We consider two issues raised by this appeal. The first issue, raised sua sponte by this Court, is whether GMU, as an entity making decisions pursuant to Title 8 of the Virginia

3

Administrative Code, is an administrative agency whose decisions fall within the scope of Code § 17.1-405 so as to properly render this appeal within the original jurisdiction of the Court of Appeals of Virginia.  We have not previously addressed this issue and do so presently in order to resolve the issue for cases that may arise in the future.  The second issue we consider is whether the circuit court erred in reversing GMU's determination that Floyd was not an in-state student so as to qualify him for reduced tuition charges.  We will address these issues in that sequence.

Code § 8.01-670, which addresses the civil appellate jurisdiction of this Court, provides in pertinent part that:

> A. Except as provided by [Code] § 17.1-405, any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . .  (3) By a final judgment in any other civil case.

(Emphasis added.)  In comparison, Code § 17.1-405, providing for the civil jurisdiction of the Court of Appeals, provides in pertinent part that:

> Any aggrieved party may appeal to the Court of Appeals from:
>
> 1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency.

(Emphasis added.)  Because the Code has not defined "administrative agency" for purposes of Code § 17.1-405, we must resolve whether the determination of eligibility for in-state

4

tuition by a state-affiliated university, such as GMU, is a decision of an "administrative agency."

It is clear that GMU qualifies as an agency of the Commonwealth.  Under the Administrative Process Act, an "Agency" is defined as "any authority, instrumentality, officer, board or other unit of the state government empowered . . . to make regulations or decide cases."  Code § 2.2-4001 (emphasis added).  To this effect, Code § 23-14 states that all state-affiliated four-year universities are "governmental instrumentalities;" Code § 23-9.2:3 supplies the "governing body of every educational institution" with the power to promulgate certain necessary "rules and regulations."  Perhaps most significantly, Title 8 of the Virginia Administrative Code actually denominates George Mason University within its text as the Commonwealth's "Agency No. 35."  8 V.A.C. 35, Agency Introduction.

There is, however, a difference between an administrative agency, and an agency with the power to make administrative decisions.  Cf. Virginia Beach Beautification Comm'n v. Board of Zoning Appeals, 231 Va. 415, 417, 344 S.E.2d 899, 901 (1986) (stating that former Code § 17-116.05(1), as the predecessor of Code § 17.1-405, "deal[t] with a decision made by an administrative agency and not with an administrative decision made by some entity that is not purely an administrative agency").  Considering "the nature of the entity making the

5

decision rather than the substance of the decision itself," it is obvious that GMU is not "purely an administrative agency."[2] Id. The primary goal of every university is to educate, not regulate, its students. This conclusion is further supported by Code § 23-7.4:3, which expressly provides that the Administrative Process Act shall not apply to the "appeals process for those students who are aggrieved by decisions regarding eligibility for in-state or reduced tuition charges pursuant to §§ 23-7.4 and 23-7.4:2."

Under Code § 17.1-405, the Court of Appeals only has jurisdiction over an appeal from an administrative agency, not over an administrative decision made by an entity that is not purely an administrative agency. The Court of Appeals thus lacks jurisdiction over a circuit court decision on appeal from the determination of a state university pursuant to Code § 23-7.4. Appellate jurisdiction of such cases properly lies in this Court under Code § 8.01-670(A)(3).

We now turn to consider whether the circuit court erred in reversing GMU's decision denying Floyd's request for in-state tuition charges.

---

[2] Similarly, in Rector and Visitors of the University of Virginia v. Carter, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004), this Court held in a sovereign immunity context that the university is "an agency of the Commonwealth." Beyond question, this university is not purely an administrative agency of the Commonwealth.

6

In order to qualify for in-state tuition charges at a public institution of higher education in Virginia, Code § 23-7.4(B) requires a student to "establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed." Code § 23-7.4(B). Furthermore, the statute additionally provides that:

> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

> Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.

Id.

A student wishing to challenge a university's decision pursuant to Code § 23-7.4(B) has the right to appeal the case to

7

the circuit court in the jurisdiction in which the institution is located.  Code § 23-7.4:3(A).  Upon appeal to the circuit court, no decision shall be reversed unless the school's decision is deemed "arbitrary, capricious or otherwise contrary to law."  Id.

This Court has addressed a university's determination pursuant to Code § 23-7.4 once before.  In Ravindranathan v. Virginia Commonwealth University, 258 Va. 269, 519 S.E.2d 618 (1999), an "out-of-state" medical student filed an application requesting in-state tuition charges at a state-affiliated university.  In her application, the student stated that she intended to remain indefinitely in Virginia based primarily upon her boyfriend's plan to settle in the Commonwealth, and that this intent was further demonstrated by the fact that she was registered to vote in Virginia, possessed a Virginia driver's license, owned a car registered in Virginia, had checking and savings accounts with financial institutions in Virginia, filed a Virginia state resident income tax return the year preceding her application, and had not filed state income tax returns in any other state for three years after filing her application.  Id. at 271, 519 S.E.2d at 618-19.

The university rejected Ravindranathan's application for in-state tuition charges, and upon appeal, the circuit court affirmed.  This Court upheld the circuit court's decision,

stating that the facts upon which Ravindranathan relied to support her claim of Virginia domicile under Code § 23-7.4(B) could be "deemed auxiliary to fulfilling her educational objectives or are routinely performed by temporary residents of [Virginia]."  Id. at 275, 519 S.E.2d at 621.

As in Ravindranathan, the university in the present case determined that in consideration of the totality of evidence presented to its appeals committees, Floyd's acts were auxiliary to his primary educational purpose for residing in Virginia.  On appeal, this Court is limited to considering only whether the circuit court erred in finding that GMU's decision to deny Floyd in-state tuition charges was "arbitrary, capricious, [or] otherwise contrary to law."  In light of the presumption established in Code § 23-7.4(B) that an out-of-state student be required to demonstrate by clear and convincing evidence that he entered the Commonwealth for a primary purpose other than an educational purpose, we hold that the circuit court was plainly wrong in finding that the decision made by GMU was arbitrary, capricious, or otherwise contrary to law.  Code § 8.01-680. Floyd himself admitted on more than one occasion that he had relocated to Virginia for the primary purpose of attending law school.  Moreover, as in Ravindranathan, the many facts upon which Floyd relies to support his purported Virginia domicile could likewise be deemed auxiliary to fulfilling his educational

9

objectives or are routinely performed by temporary residents of this Commonwealth.[3]

CONCLUSION

For these reasons, we will reverse the judgment of the Circuit Court of Fairfax County reversing George Mason University's decision denying the application for Robert D. H. Floyd for in-state tuition charges and we will enter final judgment for George Mason University.

<u>Reversed and final judgment</u>.

---

[3] To the extent that Floyd relies upon the September 20, 2005 letter from the law firm as evidence that he had received permanent employment with the firm, that evidence is not relevant to the year immediately prior to August 22, 2005, which marked the beginning of classes for the fall semester. <u>See</u> Code § 23-7.4(B).