# CIRCUIT COURT OF FAIRFAX COUNTY

Nathan Jon Milakovich

    v.

George Mason University

January 28, 2008

Case No. CL-2007-8934

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on January 4, 2008, on the petitioner's administrative appeal of the determination of George Mason University (GMU) that he is not a domiciliary of Virginia entitled to in-state tuition for the Spring Term of 2007. At the time of the hearing, the court took the matter under advisement. I have now had the opportunity fully to review the administrative record, the briefs, and the applicable case law. For the following reasons, the petition will be denied.

*Facts and Procedural History*

The petitioner Nathan Jon Milakovich is a third year law student at George Mason University School of Law. He is presently thirty-three years old and unmarried. Prior to entering law school, Milakovich lived in the Sacramento, California, area and worked as an electrical engineer. He decided to become a patent attorney. He chose to attend GMU's law school primarily because of its proximity to the United States Patent and Trademark Office (the "USPTO"). He moved to Virginia on July 31, 2005, and began his law studies at GMU in August 2005. Milakovich was classified as an out-of-state full-time student for the 2005-2006 academic year and for the Fall Term of 2006.

In January 2007, Milakovich applied to be reclassified as a Virginia domiciliary for the Spring 2007 semester, based on his residence in Virginia for the previous twelve months. Milakovich is an "independent" student, meaning that he is self-supporting. He supports himself with savings, investment income, earnings from part-time employment, and student loans. He stated on his application for a change of domicile that he moved to Virginia "to live and work in Virginia." He stated that, in the previous twelve months, he had leased an apartment in Virginia, filed a tax return in Virginia, registered to vote in Virginia, held a Virginia driver's license, and worked in Virginia. He did not own land or a home in Virginia. He did not register an automobile in Virginia because he did not own an automobile. Administrative Record, Tab 1.

Milakovich's petition to be reclassified as an in-state student was denied at the initial level of GMU's appeals process. Administrative Record, Tab 2. Milakovich appealed this decision to the intermediate appellate level. In his submissions to the intermediate appeals level he again stated that he moved to Virginia "to live and work in Virginia." He described his plans after graduation as being to "buy a house, a car, and practice law in Virginia." Administrative Record, Tab 3.

Milakovich's petition to be reclassified as a Virginia domiciliary was denied by the intermediate appeals level, which ruled that:

> [I]t appeared that attending law school was a primary purpose for your moving to the Commonwealth. The materials showed that you moved to Virginia on July 31, 2005, a few weeks before classes began for the Fall of 2005 and after you were admitted. Since then, except for summer, you have been registered as a full-time student.

Administrative Record, Tab 4.

Milakovich filed a request for reconsideration. He added to the information already submitted the facts that he had accepted an offer of employment for the Summer 2007 with a patent law firm located in the District of Columbia and that he had passed the USPTO's patent agent's exam. Milakovich stated that "As I intend to practice patent law (and am now licensed to submit paperwork to the USPTO), I believe this reinforces my intent to remain in Virginia permanently." He explained that "I am not in Virginia to attend George Mason University; I am attending George Mason University because it is in Virginia." Administrative Record, Tab 5.

Milakovich's request for reconsideration was denied by the intermediate appeals level. Administrative Record, Tab 6. He then appealed the decision to GMU's Third Level Domicile Appeals Committee, which denied Milakovich's petition, adopting the rationale of the intermediate appellate ruling. Administrative Record, Tab 8. Milakovich's appeal to this court followed.

*Applicable Law*

Virginia Code § 23-7.4 and § 23-7.4:3(A) govern the resolution of Milakovich's petition. Va. Code § 23-7.4 provides, in pertinent part:

> To become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed.[1] . . .
>
> In determining domiciliary intent,[2] all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.
>
> Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or

---

[1] The statute defines "domicile" as the "the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely. No individual may have more than one domicile at a time. Domicile, once established, shall not be affected by mere transient or temporary physical presence in another jurisdiction." Va. Code § 23-7.4.

[2] The statute defines "domiciliary intent" as the "present intent to remain indefinitely." Va. Code § 23-7.4.

residence primarily for educational purposes shall not confer domiciliary status. *A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.*

Those factors presented in support of entitlement to in-state tuition shall have existed for the one-year period prior to the date of the alleged entitlement.

Virginia Code § 23-7.4 (emphasis added).

Va. Code § 23-7.4:3(A) provides, in pertinent part:

Any party aggrieved by a final administrative decision shall have the right to review in the circuit court for the jurisdiction in which the relevant institution is located. A petition for review of the final administrative decision shall be filed within thirty days of receiving the written decision. In any such action, the institution shall forward the record to the court, *whose function shall be only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious or otherwise contrary to law.*

Virginia Code § 23-7.4:3 (emphasis added).

The Virginia Supreme Court has recently interpreted the provisions of Va. Code § 23-7.4 in *George Mason Univ. v. Floyd*, 275 Va. 32, 654 S.E.2d 556, 2008 Va. LEXIS 11 (2008). In that case, the Court held that the trial court erred in reversing GMU's decision to deny Robert Floyd's application for in-state tuition for the Fall 2005 semester at GMU School of Law. Floyd moved from Indiana to Virginia in May 2004 in order to attend GMU School of Law beginning in August 2004. Before starting law school, Floyd titled and registered his automobile in Virginia, registered to vote in Virginia, and obtained a Virginia driver's license. In his first year, he was classified as an independent out-of-state student. He filed a Virginia income tax return as a "part-year resident" for 2004. For the Fall 2005 term, Floyd petitioned to be reclassified as an in-state student. In his application, he stated that he moved to Virginia "to attend law school." GMU denied his petition. The circuit court reversed this decision, holding that GMU had acted arbitrarily and capriciously.

The Supreme Court reversed the trial court's decision in *Floyd*. In so holding, the Court relied on *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 519 S.E.2d 618 (1999). In that case, Meera Ravindranathan came to Virginia to enter Virginia Commonwealth University as a freshman. Upon the completion of her undergraduate studies, she was accepted as a student at VCU's medical school. She testified that she decided to become a Virginia resident at that time. She provided evidence that she owned a condominium in Virginia, was registered to vote in Virginia, possessed a Virginia driver's license, owned a car registered in Virginia and filed a Virginia state income tax return. Her application to be classified as a Virginia domiciliary entitled to in-state tuition was denied by VCU. The Residency Appeals Committee at VCU found that Ravindranathan "came to Virginia for educational purposes and that those purposes [were her] primary reason for remaining in Virginia." That decision was affirmed by the circuit court.

On appeal, the Supreme Court affirmed the trial court's denial of Ravindranathan's petition for review. The Supreme Court held:

> The circuit court correctly refused to reweigh the evidence considered by the Residency Appeals Committee and, as required by Code § 23-7.4:3, the circuit court limited its review to "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to the law." Code § 23-7.4:3. Upon review of the record, the circuit court held that the Residency Appeals Committee's decision was not arbitrary because the facts that Ravindranathan presented in support of her petition "could be considered . . . auxiliary to fulfilling educational objectives or are routinely performed by temporary residents of the Commonwealth" and therefore do not constitute a change in domicile. Code § 23-7.4.
>
> On appeal, the sole issue that we may consider is whether the circuit court was plainly wrong when it held that the Residency Appeals Committee's decision was not arbitrary, capricious, or otherwise contrary to the law. Our review of the record reveals that the facts upon which Ravindranathan relies to support her purported Virginia domicile could also be deemed auxiliary to fulfilling her educational objectives or are routinely performed by temporary residents of this Commonwealth. Thus, the Residency Appeals Committee's decision was not arbitrary

or capricious, and the circuit court's judgment upon review of that decision was not plainly wrong. Accordingly, we will affirm the judgment of the circuit court.

*Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 274-75, 519 S.E.2d 618 (1999).

Applying the rationale of *Ravindranathan* to the facts of Robert Floyd's Case, the Virginia Supreme Court held that:

In light of the presumption established in Code § 23-7.4(B) that an out-of-state student be required to demonstrate by clear and convincing evidence that he entered the Commonwealth for a primary purpose *other than* an educational purpose, we hold that the circuit court was plainly wrong in finding that the decision made by GMU was arbitrary, capricious, or otherwise contrary to law.

*George Mason Univ. v. Floyd*, 275 Va. 32, 39, 654 S.E.2d 556, 2008 Va. LEXIS 11 (2008) (emphasis in original).

*Analysis*

Milakovich has a difficult burden to overcome the statutory presumption that he is not a domiciliary of Virginia. As a matriculating student who entered an institution and was classified as an out-of-state student, he must rebut by "clear and convincing" evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary. Va. Code § 23-7.4.

The *Floyd* and *Ravindranathan* cases are controlling. As this court has ruled previously in the case of *O'Shea v. George Mason Univ.*, Case No. CL-2007-3421 (Fairfax Circuit Court), it is not the function of this court to serve as a super-member of GMU's Domicile Appeals Committee and weigh the factors that argue for and against Milakovich's application to be considered a Virginia domiciliary. Rather, this court's sole function is to determine "whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law."

Having carefully reviewed the entire record, this court concludes that the decision reached by GMU's Domicile Appeals Committee could reasonably be said not to be arbitrary, capricious, or otherwise contrary to law.

GMU could have reasonably concluded that Milakovich failed to rebut by clear and convincing evidence the presumption that he came to Virginia primarily to attend GMU's law school and that the steps he took to establish his domicile in Virginia were auxiliary to fulfilling his educational objectives. Consequently, this court finds that GMU's decision was not arbitrary, capricious, or contrary to law.

For the foregoing reasons, Milakovich's petition for review will be denied.