# CIRCUIT COURT OF FAIRFAX COUNTY

Alison M. Wittich

v.

George Mason
University

July 3, 2008

Case No. CL-2008-4716

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court upon the Plaintiff's Petition for Judicial Review. The Court heard oral argument on June 27, 2008, and took the matter under advisement. After full consideration of the parties' positions and examination of the supporting statutes and case law, the Plaintiff's Petition is denied.

*Facts*

This is a Petition for Judicial Review. The Plaintiff Alison M. Wittich is a rising junior at George Mason University ("GMU" or "the University"). As a child, the Plaintiff lived in the Commonwealth, attending preschool and Orange Hunt Elementary School in Fairfax, Virginia. Later, she moved to Montana with her parents, but returned to the Commonwealth to visit her grandparents and friends on a routine basis. The Plaintiff applied and was admitted to GMU and, thereafter, in June 2006, the Plaintiff "declared her independence," moved to Virginia, and purchased, registered, and insured her

vehicle in the state. Moreover, the Plaintiff obtained a Virginia driver's license, registered to vote, opened a bank account, and took a job at the American Canoe Association in Springfield, Virginia. After classes started, the Plaintiff lived in on-campus housing and worked in various jobs. At the end of 2006, the Plaintiff filed Virginia taxes and her parents no longer claimed her as a dependent on their federal taxes.

GMU has developed an application process for in-state tuition pursuant to Va. Code Ann. § 23-7.4:3(A). The GMU process requires an applicant to answer questions and submit documents with the purpose of proving the applicant's true domiciliary intent. If an applicant initially is denied in-state tuition status, the student may appeal to the intermediate level of administrative review. If the intermediate level denies the student's application, she may file a Request for Reconsideration or further appeal to the third level administrative review. If the third level denies the applicant's appeal, she may petition the local circuit court for review of the University's decision.

Before the beginning of her sophomore year, the Plaintiff applied for in-state tuition. GMU denied the Plaintiff's application for in-state status on all three levels of the administrative appeals process. Thereafter, the Plaintiff reduced her enrollment to part-time in order to work more because she could only afford to attend two classes. In January 2008, GMU again denied the Plaintiff's application for in-state tuition. The Plaintiff requested an evidentiary hearing before the third level administrative review board, but never was granted a hearing. The Plaintiff commenced the instant action requesting that the Court overrule GMU's decision and grant her relief in the amount of $6,444.00, the difference between in-state and out-of-state tuition for the Spring 2008 semester.

*Analysis*

The Plaintiff's Petition has two arguments. First, the Plaintiff argues that based on the "overwhelming evidence" she presented in support of her domiciliary intent to remain in Virginia, GMU's decision denying her in-state status was "arbitrary, capricious, and contrary to law." Second, the Plaintiff argues that GMU violated her due process rights by not providing to her an opportunity to be heard at an evidentiary hearing. This, according to the Plaintiff, is further evidence that GMU's decision was arbitrary, capricious, and contrary to law; therefore, GMU's decision should be reversed.

## *Establishing Domicile for the Purpose of Obtaining In-State Tuition*

The Plaintiff contends that she has shown by "clear and convincing evidence" that she established domicile in Virginia and, therefore, is entitled to in-state status for tuition purposes at GMU. The Defendant explained its decision by stating that the Plaintiff's initial purpose for moving to the Commonwealth "was determined to be for educational purposes. In addition, clear and convincing evidence to the contrary was not provided to rebut the statutory presumption." However, according to the Plaintiff, she "provided overwhelming evidence" that she satisfied eight of the eleven factors listed in the statute used to determine a student's domiciliary status: continuous residence in Virginia for a year prior to applying for the entitlement, Virginia taxes, driver's license, vehicle registration, voter registration, employment, financial independence from her parents, and a Virginia-based savings/checking account.

The Plaintiff argues that her previous residency in Virginia and her continuous relationship with the state sets her application apart from the typical applicant "whose only contact with Virginia is physical presence for one year prior to filing" his application for in-state tuition. The Plaintiff cites the Virginia Administrative Code's Domiciliary Guidelines in order to establish that her family ties to Virginia "may be offered to support a claim of domiciliary intent." 8 VAC 40-120-40(11).

The Plaintiff tries to distinguish her case from the leading Virginia Supreme Court case *George Mason Univ. v. Floyd*, 275 Va. 32, 654 S.E.2d 556 (2008), by stating that, in her application, she did not claim to move to Virginia for the purpose of attending the University like the plaintiff in *Floyd*. Rather, the Plaintiff wrote "I knew I wanted to live and work in Virginia because of all the opportunities here, so I decided to go to GMU to get my degree." Administrative Record, Tab 1.

The Plaintiff asks what more is she to be expected to do to show her intent to remain in Virginia indefinitely. According to the Plaintiff, as a college junior, she should not be expected to own real property or already have secured full-time employment upon graduation. Additionally, the Plaintiff claims that attending GMU was "secondary to her primary goal of establishing her domicile in Virginia." Therefore, the evidence does not support GMU's decision and the University has established an "impossible standard to overcome."

*Standard of Review*

Any student who wants to challenge a Virginia state university's final administrative decision denying her application for in-state tuition has the right to appeal the decision to the circuit court for the jurisdiction in which the institution is located. Va. Code Ann. § 23-7.4:3(A). The institution is required to forward the administrative record to the court, and the court's only function is "to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, not to be arbitrary, capricious, or otherwise contrary to law." *Id.*; see also *Ravindranathan v. Virginia Commonwealth Univ.*, 258 Va. 269, 274, 519 S.E.2d 618 (1999) (holding that the circuit court cannot reweigh the evidence and is limited in its review to determine whether the university's actions were "arbitrary, capricious, or otherwise contrary to law." (quoting Va. Code Ann. § 23-7.4:3)).

*Applicable Law*

Under Virginia law, in order to become eligible for in-state tuition, "an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code Ann. § 23-7.4(B). According to the Code of Virginia, " '[d]omicile' means the present, fixed home of an individual to which he returns following temporary absences and at which he intends to stay indefinitely." Va. Code Ann. § 23-7.4(A). Moreover, in determining an applicant's domiciliary intent,[1] all of the following factors must be considered:

> continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, military records, a written offer and acceptance of employment following graduation, and any other social or economic relationships with the Commonwealth and other jurisdictions.

---

[1] According to the Code of Virginia, " '[d]omiciliary intent' means present intent to remain indefinitely." Va. Code Ann. § 23-7.4(A).

Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status. *A matriculating student who has entered an institution and is classified as an out-of-state student shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domiciliary.*

*Id.* (emphasis added); *see also Ravindranathan*, 258 Va. at 274 (holding that VCU was not required to bear the burden of presenting evidence that the plaintiff was not a domiciliary of Virginia).

Recently, in *George Mason Univ. v. Floyd*, the Supreme Court of Virginia held that this Court erred when it reversed GMU's decision denying the plaintiff's application for in-state tuition. 275 Va. 32, 654 S.E.2d 556, 559 (2008) (citing Va. Code Ann. § 8.01-680). According to the court in *Floyd*, "Floyd himself admitted on more than one occasion that he had relocated to Virginia for the primary purpose of attending law school." *Id.* Furthermore, according to the court, the plaintiff's actions, which included leasing an apartment, working in "small jobs," registering to vote, registering his motor vehicle, and obtaining a Virginia driver's license, "could likewise be deemed auxiliary to fulfilling his educational objectives or are routinely performed by temporary residents of this Commonwealth." *Id.*

In *Floyd*, the Supreme Court of Virginia relied heavily on *Ravindranathan*. In *Ravindranathan*, the Supreme Court of Virginia upheld the circuit court's decision denying in-state tuition to the plaintiff who had moved to the Commonwealth after being admitted to VCU's undergraduate program and later its medical program. 258 Va. at 275. In addition to owning a condominium in Richmond, the plaintiff registered to vote in Virginia, obtained a Virginia driver's license, registered her car in the Commonwealth, had checking and savings accounts, and filed Virginia state income tax returns for the year preceding her application for in-state tuition. *Id.* at 271-72. The Court held that these actions "could . . . be deemed auxiliary to fulfilling her educational objectives or are routinely performed by temporary residents of this Commonwealth," and thus, "the Residency Appeals Committee's decision was not arbitrary or capricious, and the circuit court's judgment upon review of that decision was not plainly wrong." *Id.* at 275.

Since *Floyd*, there have been Circuit Court opinions which contain analysis the Court finds persuasive. The Honorable Jane Marum Roush found both *Floyd* and *Ravindranathan* controlling in the recent case, *Milakovich v. George Mason Univ.*, Case No. CL-2007-8934, 9, 2008 Va. Cir. LEXIS 9 (Fairfax Circuit Court). Judge Roush held that "it is not the function of this court to serve as a super-member of GMU's Domicile Appeals Committee. . . ." *Id.* (citing *O'Shea v. George Mason Univ.*, Case No. CL-2007-3421 (Fairfax Circuit Court)). In *Milakovich*, the plaintiff moved to Virginia about a month before law school classes started and was thereafter classified as an out-of-state resident. 2008 Va. Cir. LEXIS 9 at *2. The plaintiff later applied for in-state tuition after satisfying many of the statutory factors used to determine domiciliary status, but GMU denied his application and the Court held that he did not overcome the heavy burden of showing that GMU's decision was arbitrary or capricious. 2008 Va. Cir. LEXIS 9 at *2-4, 10. The Court found that GMU "could have reasonably concluded" that the plaintiff moved to the state for the purpose of attending the law school; therefore, its decision was "not arbitrary, capricious, or contrary to law." 2008 Va. Cir. LEXIS 9 at *11.

## Discussion

In this instant case, the Plaintiff bears a heavy burden. She must prove by clear and convincing evidence that she established bona fide domicile in Virginia for at least one year. All the Defendant has to show is that its decision to deny the Plaintiff in-state tuition was reasonable, in that it was not arbitrary, capricious, or contrary to law. While the Plaintiff fulfilled many of the factors used to evaluate a student's domiciliary status, including that fact that she has familial ties to Virginia, none of these factors are determinative. As the Virginia Supreme Court found important in *Floyd* and *Ravindranathan*, most of the actions the Plaintiff took are the same actions that many temporary residents take upon enrolling in college. The Plaintiff did not move to Virginia to live with her grandparents. Additionally, the fact that the Plaintiff decided to reduce her enrollment to part-time in order to work more is directly related to the fact that she could not afford to attend GMU full-time, a clear educational purpose. Therefore, the Plaintiff's actions reasonably could be considered secondary or auxiliary to attending the University.

The Plaintiff tries to distinguish her case from *Floyd* by arguing that she is entitled to in-state tuition because she did not write in her application for in-state status that she moved to Virginia to attend school. This argument overemphasizes the importance the Virginia Supreme Court gave to the fact that Floyd said he moved to Virginia to attend law school. While the Virginia Supreme Court did cite this declaration as some evidence, the Court also focused heavily on the fact that most of the plaintiff's actions were auxiliary or secondary to attending the law school in the first place, something the Plaintiff ignores in her argument. Moreover, the Plaintiff primarily relies on pre-*Floyd* circuit court decisions to support her argument that this Court should overturn GMU's decision. The facts in the instant case are not distinguishable from the facts in *Floyd*; rather, these facts clearly fall within the *Floyd/Ravindranathan* framework. Finally, in terms of public policy, it seems that the General Assembly's legislative intent would be undermined if all one had to do was refrain from admitting that she moved to Virginia for the purpose of attending school in order to obtain state-subsidized tuition.

The most damaging aspect of the Plaintiff's case is that she moved to Virginia only after being admitted to GMU. She now claims that attending the University was secondary to her decision to move to the Commonwealth in the first place. This Court must be highly deferential to the Defendant's fact finding, as well as focus on the Plaintiff's original motivation for moving to the Commonwealth. The Plaintiff has not demonstrated by clear and convincing evidence that she originally moved to Virginia for some reason other than attending GMU.

The Plaintiff has not satisfied her burden. In applying *Ravindranathan*, and as later emphasized in *Floyd* and the Fairfax Circuit Court case *Milakovich*, since the Defendant could have reasonably concluded that the Plaintiff moved to Virginia with the primary purpose of attending school, the University's decision is not arbitrary, capricious, or contrary to law.

### Due Process

The Plaintiff also argues that GMU's failure to grant her a hearing to discuss her application for in-state tuition was "not only arbitrary and capricious, but violative of her basic rights to due process." According to the Plaintiff, GMU "never even acknowledged her request" for an evidentiary hearing. Moreover, the Plaintiff argues that GMU "granted Mr. Floyd a hearing" and that, in its *Floyd* brief, GMU insisted that the court give great deference to testimony delivered by the plaintiff to the domicile committee.

Therefore, according to the Plaintiff in the instant case, this is further evidence that GMU's decision should be reversed because it was arbitrary, capricious, and contrary to law.

There are two problems with the Plaintiff's argument. First, there is no statutory requirement that GMU must provide an evidentiary hearing to an applicant seeking in-state tuition. See Va. Code Ann. § 23-7.4:3(A). According to the Code of Virginia, each public university is required to establish an appeals process for those "students who are aggrieved by decisions regarding eligibility for in-state or reduced tuition charges. . . ." *Id.* However, while there is a requirement that there be an intermediate and final administrative review, there is no requirement that an applicant is entitled to an evidentiary hearing. See *id.* As such, the fact that the Defendant never provided the Plaintiff with an evidentiary hearing is of no consequence because she never was entitled to a hearing in the first place.

Second, while GMU did insist in *Floyd* that the court give deference to the factfinder upon judicial review, it never insisted that the court give "great deference" to the plaintiff's hearing testimony. See Brief of Appellant, *George Mason Univ. v. Floyd*, Record No. 062603, p. 15. The Plaintiff in the instant case cites GMU's brief in *Floyd*, but the brief only indicates that GMU considered evidence and conducted a "hearing" to review Floyd's application for in-state tuition. *Id.* The record provides no evidence that GMU conducted an evidentiary hearing or that the plaintiff gave testimony at any stage. See *id.* It follows that, since there is no statutory requirement that the Plaintiff in the instant case was entitled to an evidentiary hearing, and because there is no requirement in *Floyd* or other case law that there be an evidentiary hearing, there is no support to the argument that GMU violated the Plaintiff's due process rights.

Therefore, since it cannot be said that the Defendant's decision denying the Plaintiff's application for in-state tuition was unreasonable, and thus, arbitrary, capricious, or contrary to law, the Plaintiff's petition for judicial review must be denied.

For the reasons stated above, the Plaintiff's Petition for Judicial Review is denied.