## CIRCUIT COURT OF THE CITY OF RICHMOND

Erika Alexander

v.

Virginia Commonwealth
University

June 15, 2012

Case No. CL11-5683

By Judge Melvin R. Hughes, Jr.

This case is before the court on an appeal noted by a student attending Virginia Commonwealth University (VCU) from an adverse ruling denying eligibility for in-state tuition applicable to Virginia residents.

During the argument on the appeal, both parties cited to *Virginia Commonwealth University v. Su*, 283 Va. 446, 722 S.E.2d 561 (2012), a recent case. In *Su*, the court clarified its standard of review in these cases, holding "we now clarify that we apply the *de novo* standard of review" and "we therefore review a circuit court's decision on a student's appeal from an in-state tuition eligibility decision by an institution of higher education under *de novo*, not the 'plainly wrong' standard." *Id.* 283 Va. at 452, 722 S.E.2d at 563. While changing its standard of review when reviewing the judgment of the Circuit Court in these matters, the standard used by the Circuit Court when reviewing the decisions on appeal remains the same, whether the decision was arbitrary, capricious, or otherwise contrary to law. See Va. Code § 23-7.4:3.

Here, the appealing student, Erika Alexander, contests the determination of ineligibility on the ground that the *Su* case set a new standard of review for this court. For the reasons mentioned above, this is not an appropriate impression.

The record reveals that the VCU Residency Committee had before it evidence through Alexander's testimony that she moved to Virginia from Oregon in August 2009 and took up residence in a VCU dormitory. In the summer of 2010, she returned to Oregon staying for about a month and then to California for about two weeks. She returned to Virginia before enrolling as a full time student in the fall. The following spring, Alexander

left school and began employment at CVS. In July 2011, she applied for in-state tuition.

The evidence also revealed that Alexander has filed and paid Virginia income tax for 2010, obtained a Virginia driver's license in August of that year, and registered to vote in Virginia in August, 2011. Alexander is no longer dependent on her parents for support and works as a pharmacy technician with CVS Pharmacy, Inc., since November 2010.

As noted, the question is whether Alexander has shown that the Residency Committee's action in denying her in-state tuition eligibility is a product of arbitrary, capricious consideration or is in contravention of law. *Su*, 283 Va. at 452, 722 S.E.2d at 563. Here, the Court must find that it cannot be reasonably said that such is the case.

The court has observed that a student applicant's compliance with the things listed in Va. Code § 23-7.4(13) to be considered in determining domiciliary intent are things "required or routinely performed by temporary residents of this Commonwealth." *Ravindranathan v. Commonwealth*, 258 Va. 269, 274-75, 519 S.E.2d 618, 620-21 (1999). The Residency Committee could have considered these things as merely auxiliary to fulfilling educational objectives, a position which is not unreasonable considering all the evidence. The General Assembly has otherwise prescribed that in order to become eligible for in-state tuition, the student must show by clear and convincing evidence that "for a period of at least one year immediately prior to the date of the alleged entitlement," the student was "domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code § 23-7.4(13). While this court could come to a different conclusion, it cannot be said that the Residency Committee's determination was arbitrary etc.

Accordingly, Alexander's appeal does not have merit, and the court hereby affirms the denial of in-state tuition eligibility.